1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                     SOUTHERN DISTRICT OF CALIFORNIA

9

10

NOUVEAU MODEL AND TALENT            **Case No.   11cv0567 MMA NLS**
11  MANAGEMENT, a California
Corporation

12                                   **STIPULATED PROTECTIVE ORDER**
                 Plaintiffs,          **[Docket No. 15.]**
13

14       v.

EASTER UNLIMITED, INC., a New York
15  Corporation; FUNWORLD, INC., a
New York Corporation; PONY EXPRESS
16  CREATIONS, INC., a California
Corporation; and DOES 1 through 30
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

The parties in this action may seek potentially confidential information and documents ("materials").  The parties have, therefore, agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential cost, price, client marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.  THEREFORE:

## **DEFINITIONS**

1.      The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.      The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; financial statements or summaries; cancelled checks; contracts; invoices; drafts; books of account; worksheets; expense accounts; compilations from which information can be obtained and translated into reasonably usable form; reports; instructions; disclosures; and other writings.

W02-WEST:DEL\403604598.1                                    STIPULATED PROTECTIVE ORDER

## <u>TERMS</u>

3.    Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

4.    Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a.    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL;" and

    b.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL."

6.    All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for

1   any purpose other than in connection with this litigation, unless and until such designation is

2   removed either by agreement of the parties, or by order of the Court.

3

4        7.      Information designated "CONFIDENTIAL" shall be viewed only by

5   the following individuals:

6

7        a.      Counsel of record for the parties, their employees, their staff, and their

8   support personnel (including any outside vendor for simple reproduction, computer

9   scanning, or photocopying).

10

11        b.      Consultants and experts retained or consulted by counsel for the parties,

12   provided that such consultants or experts, prior to being given access to Confidential

13   Information, are informed of the existence and contents of this Order, agree to be bound by

14   its terms, and execute an agreement in the form specified in Attachment A hereto.

15

16        c.      The parties to this case, and their officers, directors, and employees

17   provided that any such person, prior to being given access to Confidential Information, shall

18   be informed of the existence and contents of this Protective Order, shall agree to be bound

19   by its terms, and shall execute an agreement in the form specified in Attachment A hereto.

20

21        d.      Providers of litigation support services engaged to provide services in

22   this litigation to attorneys of record in this action.

23

24        e.      Deponents or third party witnesses who are given a copy of this Order

25   and agree to be bound by the obligations of confidentiality and nondisclosure as set forth

26   herein, and either (i) execute an agreement in the form specified in Attachment A hereto or

27   (ii) orally agree on the record during a deposition to be bound by the terms of this Order,

28   with the order made part of the record.

-3-

f.      The Court, its authorized personnel, and the jury.

g.      The court reporter and videographer (if any) present at any hearing, deposition, or trial.

h.      Percipient witnesses (other than expert witnesses and consultants), but only when counsel showing a percipient witness information designated as CONFIDENTIAL has a present good faith belief that the percipient witness may have relevant testimony to offer as to the particular information designated as CONFIDENTIAL. In such instance, prior to being given access to the information designated as CONFIDENTIAL, the percipient witness must be informed of the existence and contents of this Order, agree to be bound by its terms, and execute an agreement in the form specified in Attachment A hereto.

8.      No Confidential Information received by any party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.

9.      With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

10.     All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party, except that consultants and experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

11.    Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

12.    At any stage of the proceedings, if a party reasonably believes that information should not be designated as CONFIDENTIAL, the party must specify to the producing party in writing (1) the information at issue and (2) the grounds for questioning the CONFIDENTIAL designation.  The producing party must respond in writing within ten (10) business days, or within such different time agreed to by counsel or as ordered by the Court.  If no response is received within that time, the questioned designation shall be deemed withdrawn.  If agreement cannot be reached, the producing party shall move the Court to approve the designation.  The materials at issue shall be treated as designated until the Court has ruled, or until the matter has been otherwise resolved.

13.    All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14.     No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

16.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

STIPULATED PROTECTIVE ORDER

19.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

20.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

21.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

22.     Transmission by facsimile or email is acceptable for all notification purposes herein.

-7-

23.     This Order maybe modified by agreement of the parties, subject to approval by the Court.

24.     The Court may modify the Protective Order in the interests of justice or for public policy reasons.

Dated:  June __, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ James E. Curry
JAMES E. CURRY
Attorneys for Defendants
EASTER UNLIMITED, INC. dba FUN WORLD
and FUN WORLD, INC.

Dated:  June __, 2011

LAW OFFICES OF HALL & LIM

By      /s/ Timothy A. Hall
TIMOTHY A. HALL
Attorneys for Plaintiff
NOUVEAU MODEL AND
TALENT MANAGEMENT

## **ORDER**

IT IS SO ORDERED.

Dated:  June 10, 2011

HON. NITA L. STORMES
MAGISTRATE JUDGE, UNITED STATES
DISTRICT COURT

-8-

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUVEAU MODEL AND TALENT MANAGEMENT, a California Corporation<br><br>             Plaintiffs,<br><br>   v.<br><br>EASTER UNLIMITED, INC., a New York Corporation; FUNWORLD, INC., a New York Corporation; PONY EXPRESS CREATIONS, INC., a California Corporation; and DOES 1 through 30 inclusive,<br><br>             Defendants. | Case No.   11cv0567 MMA NLS<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

-1-

I, _____, declare and say that:

     1.     I am employed as _____

by _____.

     2.     I have read the Protective Order entered in *Nouveau Model and Talen Management v. Easter Unlimited, Inc., et al.* Case No. 11cv567 MMA NLS, and have received a copy of the Protective Order.

     3.     I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

     4.     I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraph 6 of the Protective Order.

     5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

W02-WEST:DEL\403604598.1                                 STIPULATED PROTECTIVE ORDER

6.      I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____

W02-WEST:DEL\403604598.1                                    STIPULATED PROTECTIVE ORDER